COVINGTON, Judge.
The former husband, James Gotsis, appeals the final judgment of dissolution of marriage. We reverse that portion of the order relating to the equitable distribution of the parties’ marital assets and remand for the trial court to make the requisite statutory findings.
The parties settled the issues of child custody, visitation and child support before the final hearing. The only issue before the court at the final hearing was the equitable distribution of the assets. Although the trial court found that the marital home, the husband’s service account and the husband’s escrow account were marital assets, the court did not assign a valuation date to any of these assets. Pursuant to section 61.075(6), Florida Statutes (1999), “[t]he date for determining value of assets and the amount of liabilities identified or classified as marital is the date or dates as the judge determines is just and equitable under the circumstances.” Thus, the trial court should have set the date or dates at which the parties’ assets would be valued.
The trial court may be able to assign a valuation date by reviewing the record and without conducting a new trial. However, if the court is unable to do so, then a new trial will be necessary. In all other aspects, the judgment of the trial court is affirmed.
Accordingly, we reverse and remand for the trial court to make the appropriate statutory findings.
CASANUEVA and SALCINES, JJ., Concur.